UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM RICHARDSON,

        Petitioner,        Civil No. 1:11-CV-13920
                                    Honorable Thomas L. Ludington

v.

DEBRA SCUTT,

        Defendants.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR
EQUITABLE TOLLING, GRANTING RESPONDENT'S MOTION FOR
SUMMARY JUDGMENT, AND DENYING CERTIFICATE OF APPEALABILITY**

In 1981, Petitioner William Richardson was convicted in Michigan state court of armed robbery and possession of a firearm during the commission of a felony. On September 3, 1981, he was sentenced to 35 to 70 years in prison for the armed robbery conviction and two years for the felony-firearm conviction. Thirty years passed.

On September 9, 2011, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions. Now before the Court is Petitioner's motion for equitable tolling (ECF No. 2) and Respondent Debra Scutt's motion for summary judgment (ECF No. 8). Petitioner asserts that he is entitled to equitable tolling because of his illiteracy and mental illness. Respondent asserts that she is entitled to summary judgment because the habeas petition was not timely filed.

For the reasons detailed below, Petitioner's motion will be denied and Respondent's motion will be granted.

**I**

Petitioner was convicted by a jury in Lenawee County Circuit Court of armed robbery and possession of a firearm during the commission of a felony. He was sentenced on September 3, 1981, to 35 to 70 years in prison. Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed the convictions and sentences. *People v. Richardson*, No. 60175 (Mich. Ct. App. March 15, 1983). The Michigan Supreme Court denied Petitioner leave to appeal. *People v. Richardson*, No. 72542 (Mich. May 25, 1984). The record contains no evidence of mental illness or incapacity during this period.

Petitioner filed a *pro per* motion for relief from judgment in the trial court on July 6, 1990. The trial court denied the motion. *People v. Richardson*, No. 81-006144-FY (Lenawee County Cir. Ct. July 27, 1990). Petitioner did not seek leave to appeal this decision. Eighteen years passed. Again, the record contains no evidence of mental illness or incapacity during this period.

On November 19, 2008, Petitioner filed a second motion for relief from judgment. The trial court denied the motion. *People v. Richardson*, No. 81-006144-FY (Lenawee County Cir. Ct. Jan. 27, 2009). Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. *People v. Richardson*, No. 293281 (Mich. Ct. App. Nov. 23, 2009). The Michigan Supreme Court also denied leave to appeal. *People v. Richardson*, 488 Mich. 852 (Sept. 9, 2010). Once more, the record contains no evidence of mental illness or incapacity during this period.

Petitioner filed his habeas corpus petition in this Court on September 9, 2011. Respondent, as noted, has moved for summary judgment. Petitioner has moved for equitable tolling. Each is addressed in turn.

**II**

Respondent moves for summary judgment on the petition because it was not timely filed. In general, a prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D).

The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). In addition, the pendency of a properly filed application for state post-conviction relief tolls the limitations period. 28 U.S.C. § 2244(d)(2). While tolling the statute of limitations, state-court collateral review does not restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner's conviction became final before the AEDPA's effective date, April 24, 1996. Therefore, absent state collateral review, Petitioner was required to file his application for habeas corpus relief by April 24, 1997. Petitioner sought state collateral review of his convictions by filing two motions for relief from judgment. The first was filed and review completed before the limitations period commenced. Consequently, the first motion did not toll the limitations period. Petitioner's second motion was not filed until November 19, 2008, over

ten years after the limitations period already had expired. The filing of a second motion for relief from judgment did not restart the statute of limitations. Rather, the limitations period commenced on April 24, 1996. It expired on April 24, 1997. The petition is untimely.

### III

Arguing against this conclusion, Petitioner asserts that the statute of limitations should be equitably tolled. "In essence," the Sixth Circuit instructs, "the doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (internal quotation marks omitted) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir.2000)).

"The party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). To carry this burden, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see Hall v. Warden, Lebanon Corr. Inst*., 662 F.3d 745, 750 (6th Cir. 2011) ("[W]e conclude that *Holland*'s two-part test has replaced [the] five-factor inquiry [of *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001)] as the governing framework in this circuit for determining whether a habeas petitioner is entitled to equitable tolling.").

In his motion, Petitioner contends "he is entitled to equitable tolling based on his inability to read, write, or because of his mental illness, and because of his inability to understand the

legal standards." Pet'r's Br. Supp. Mot. Equitable Tolling 2. He elaborates: "The only evidence bearing on the issue is petitioner's own affidavit, in which he proclaims he is incapable of reading, writing, or understanding the law, plus the fact that at the time of his appeal process he was on a number of medication[s] which prohibited his ability to function." *Id.* at 5.

Petitioner is correct that, aside from his own assertions, he offers no "evidence bearing on the issue" of his illiteracy, mental illness, or medications. Petitioner is not correct, however, that he is entitled to equitable tolling.

The Sixth Circuit holds that "an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court a reason to toll the statute of limitations." *Cobas v. Burgess*, 306 F.3d 41, 444 (6th Cir. 2002) (citing *Turner v. Johnson*, 177 F.3d 390 (5th Cir. 1999)). Thus, Petitioner is not correct that "he is entitled to equitable tolling based on his inability to read, write, . . . and because of his inability to understand the legal standards." Pet'r's Br. 2.

Likewise, Petitioner is not is not correct that he is entitled to equitable tolling based on his allegations of mental illness. Before tolling the statute of limitations based on mental illness, the Sixth Circuit instructs, "the petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected [his] ability to file a timely habeas petition." *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008) (citing *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003)). Here, Petitioner makes neither of these showings.

First, Petitioner does not offer any facts suggesting incapacity. Specifically, although Petitioner asserts that he has a "mental illness," Pet'r's Br. 2, he does not identify what it is or when it began. He does not discuss its symptoms or their severity. Moreover, an independent

review of the record reveals no mention, much less evidence, of mental illness or incapacity.[1] The record contains no evidence, for example, that either mental illness or incapacity were ever raised in any of the prior state proceedings.

Similarly, although Petitioner alleges that he "was on a number of medication[s] which prohibited his ability to function," Pet'r's Br. 5, he does not identify the medications. He does not discuss their effects. He does not explain how they rendered him incompetent. Moreover, an independent review of the record contains no evidence of the medications. In sum, the record contains no evidence supporting Petitioner's claim of incapacity.

Moreover, although Petitioner alleges mental illness, he does not allege a causal connection between his illness and the untimely filing. Likewise, although Petitioner alleges that unspecified medications "prohibited his ability to function," Pet'r's Br. 5, he does not show a causal connection between the alleged medications and the untimely filing. In sum, Petitioner has not met either prong of the *McSwain* test. *See* 287 F. App'x at 456 (quoted above).

Cognizant of the Supreme Court's instruction that courts of equity must exhibit "flexibility" and avoid "mechanical" application of rules, *Holland*, 130 S. Ct. at 2563 (quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 396 (1946)), this Court concludes that Petitioner has not demonstrated that an extraordinary circumstance prevented timely filing.

Petitioner's illiteracy and mental health issues are unfortunate. But they are not enough, even in combination with his pro se status and lack of legal training, to warrant the equitable tolling of AEDPA's limitations period.

---

[1] As an aside, the Court notes that Petitioner did not request an evidentiary hearing for the purposes of submitting evidence on his alleged illness or to explain how his mental illness affected his ability to timely file his habeas petition.

As Respondent is correct that the petition was not timely filed, the Court will grant Respondent's motion for summary judgment.

**IV**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings, requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely and that Petitioner is not entitled to equitable tolling. Therefore, the Court denies a certificate of appealability. Petitioner will also not be granted leave to proceed in forma pauperis on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**V**

Accordingly**, it is ORDERED** that Petitioner's motion for equitable tolling (ECF No. 2) is **DENIED**.

It is further **ORDERED** that Respondent's Motion for Summary Judgment (ECF No. 8) is **GRANTED** and the petition for a writ of habeas corpus (ECF No. 1) is **DISMISSED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED.**

Dated: July 12, 2012                              s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon William Richardson, #167016 at G. Robert Cotton Correctional Facility, 3510 N. Elm Road, Jackson, MI 49201 first class U.S. mail on July 12, 2012.

                                                  s/Tracy A. Jacobs
                                                  TRACY A. JACOBS